IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE MCKEAN, | CASE NO. 1:13-cv-02585-CCC-GBC |
| Plaintiff, | (JUDGE CONNER) |
| v. | (MAGISTRATE JUDGE COHN) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION TO VACATE THE DECISION OF THE COMMISIONER AND REMAND THE CASE TO THE COMISSIONER FOR FURTHER PROCEEDINGS |
| Defendant. | |
| | Docs. 1, 8, 9, 14, 16, 18 |

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On November 23, 2010, Joanne McKean ("Plaintiff") filed an application

for Title II Social Security Disability insurance benefits ("DIB"), with a date last

insured of June 30, 2014,[1] and a disability onset date of May 25, 2010.[2]

---

[1] Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes.  The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."

(Administrative Transcript (hereinafter, "Tr."), 21, 23, 136).  After the claim was denied at the initial level of administrative review, the ALJ held a hearing on April 2, 2012.  (Tr. 37-60).  On May 22, 2012, the ALJ found that Plaintiff was not disabled within the meaning of the Act.  (Tr. 18-36).  On July 11, 2012, Plaintiff filed a request for review with the Appeals Council (Tr. 8-9), which the Appeals Council denied on September 25, 2013, thereby affirming the decision of the ALJ as the "final decision" of the Commissioner.  (Tr. 1-7).

On October 17, 2013, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3), to appeal a decision of the Commissioner of the Social Security Administration denying social security benefits.  (Doc. 1).  On January 29, 2014, the Commissioner ("Defendant") filed an answer and an administrative transcript of proceedings.  (Doc. 8, 9).  On May 15, 2014, Plaintiff filed a brief in support of the appeal.  (Doc. 14 ("Pl. Brief")).  On May 28, 2014, Defendant filed a brief in response.  (Doc. 16 ("Def. Brief")).  On November 05, 2014, the Court referred this case to the undersigned Magistrate

---

[2] Plaintiff previously applied for DIB and her application was denied following an administrative hearing on May 24, 2010.  (Tr. 151).

Judge.  On November 26, 2014, Plaintiff submitted a statement indicating intent to waive submission of a reply brief.  (Doc. 18).

## II. Relevant Facts in the Record

Plaintiff was born on June 17, 1968, and thus was classified by the regulations as a younger person through the date of the ALJ decision rendered on May 22, 2012.  20 C.F.R. § 404.1563 (c).  Plaintiff completed the twelfth grade and got a business diploma from a non-accredited college.  (Tr. 30, 42).  Plaintiff's past relevant work includes working as a photographer and slitting machine operator.  (Tr. 42, 55).

## III.    Legal Standards and Review of ALJ Decision

To receive disability or supplemental security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A).  A claimant for disability benefits must show that he or she has a

physical or mental impairment of such a severity that:

> [H]e is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step evaluation process to determine if a person is eligible for disability benefits. 20 C.F.R. § 404.1520; *accord Plummer*, 186 F.3d at 428. If the Commissioner finds that a Plaintiff is disabled or not disabled at any point in the sequence, review does not proceed. 20 C.F.R. § 404.1520(a)(4). The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. Before

moving on to step four in this process, the ALJ must also determine Plaintiff's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).

The disability determination involves shifting burdens of proof.  The claimant bears the burden of proof at steps one through four.  *See Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).  If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Id.*  The ultimate burden of proving disability within the meaning of the Act lies with the plaintiff.  *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).

When reviewing the Commissioner's decision denying a claim for disability benefits, the Court must uphold the findings of the Commissioner so long as those findings are supported by substantial evidence.  *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).  Substantial evidence is a deferential standard of review.  *See Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 564 (1988) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence requires only 'more than a mere scintilla' of evidence, *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)), and may be less than a preponderance.  *Jones*, 364 F.3d at 503.  If a reasonable mind might accept the relevant evidence as adequate to support a conclusion reached by the Commissioner, then the Commissioner's determination is supported by substantial evidence.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Johnson*, 529 F.3d at 200.

### A. ALJ Bias

Plaintiff contends that the ALJ was biased against Plaintiff due to her obesity.  Pl. Brief at 16-17.  Specifically, Plaintiff alleges that, on April 2, 2012, after the administrative hearing concluded, Plaintiff's counsel was still in the room and heard the ALJ comment to the vocational expert, "I'll tell you how you get fat, you eat too much."  Pl. Brief at 16.  In response to the ALJ's statement, on April

19, 2012, Plaintiff's counsel mailed the ALJ a letter and an article about the various factors that may contribute to an individual's obesity.  Pl. Brief at 16-17; (Tr. 227-228).   Plaintiff additionally argues that remand to a different ALJ is appropriate.  Pl. Brief at 17.

The Third Circuit has held that claimants are entitled to have evidence evaluated by an unbiased adjudicator.  *See Hummel v. Heckler*, 736 F.2d 91, 95 (3d Cir.1984).  The right to an impartial decision-maker is of even greater importance in administrative proceedings in light of the absence of procedural safeguards which are normally available in judicial matters.  *See Ventura v. Shalala*, 55 F.3d 900, 903 (3d Cir.1995).  Nonetheless, hearing officers are provided a presumption of impartiality unless a plaintiff is able to demonstrate that they have "display[ed] deep-seated favoritism or unequivocal antagonism that would make fair judgment impossible."   *Liteky v. United States,* 510 U.S. 540, 555 (1994).   Indeed, the Supreme Court has observed that remarks by the ALJ during the hearing that are critical or even hostile to a party are, alone, ordinarily insufficient to support a bias challenge.  *Liteky v. United States,* 510 U.S. 540, 555-56 (stating that "expressions of impatience, dissatisfaction, annoyance, and even anger" are alone not enough to

Page **7** of **25**

establish bias or partiality).  For the Court to find bias on the ALJ's remarks alone, the remarks would have to show such a high degree of antagonism that a fair judgment would be impossible.  *See id.*

Plaintiff does not direct the Court to further evidence to demonstrate that the hearing was so tainted by "deep-seated favoritism or unequivocal antagonism that would make fair judgment impossible."  Rather, Plaintiff asks the court to infer that the entire adjudicative process was tainted with bias solely on a remark made by the ALJ after the hearing concluded, a comment which Plaintiff's counsel is ambivalent about the meaning and import.  *See* Pl. Brief at 17; (Tr. 227-228).  In fact, Plaintiff's counsel concedes that the "ALJ's statement about obesity indicates a lack of understanding of the causes of obesity or a bias toward the overweight Plaintiff."  Pl. Brief at 17.  The obviousness of "deep-seated favoritism" or existence of "unequivocal antagonism" was not addressed in the letter dated April 19, 2012, sent by Plaintiff's counsel.  (Tr. 227-228).  Rather than demanding a recusal on the grounds of bias,[3] Plaintiff's attorney offered an additional "closing

---

[3] The Court notes that a claimant objecting to an ALJ presiding over a hearing on the grounds of bias must notify that ALJ at the earliest opportunity to allow review of the recusal request.  20

argument" elucidating the possible ways an individual can gain weight and become obese.  (Tr. 227-228).  In the letter dated April 19, 2012, Plaintiff's attorney did not mention the alleged comment made by the ALJ immediately after the hearing. (Tr. 227-228).  Given Plaintiff's ambivalence regarding the meaning of the ALJ's alleged comment, the Court declines to find "deep-seated favoritism or unequivocal antagonism that would make fair judgment impossible" in this instance.  Thus, Plaintiff's bias argument fails and the case does not warrant a remand to a different ALJ.

## B.  Weight Accorded Medical Opinions and Application of Res Judicata on Evidence from Prior Proceeding

Plaintiff contends the ALJ erred in failing to accord significant weight to the opinions of treating physicians, Drs. Tahirul Hoda, Michael Lavin, George Sowerby, John Lockard, and Burdette Porter.  Pl. Brief at 17-22.  The ALJ does not address any of these opinions in the decision.  (Tr. 18-36).  Defendant argues

---

C.F.R. §§ 404.940; 416.1440; SSR 13-1P.  The term "the earliest opportunity" means as soon as practicable after the claimant becomes aware of the ALJ's bias.  *Hummel v. Heckler,* 736 F.2d 91, 94 (3d Cir.1984).

that "all of the physician reports/opinions cited by Plaintiff were rendered prior to May 25, 2010, and therefore, were subject to res judicata."  Def. Brief at 19.

### 1.  Res Judicata Bar to Evidence

Whether res judicata prevents evidence introduced in support of the first application from being introduced during the second application to prove disability at the later onset date, is an issue of first impression.

This Court is persuaded by the circuits that have held that res judicata does not prevent evidence introduced in support of the prior claim from being introduced during the subsequent claim to prove disability at the later onset date. *See Hillier v. Social Security Administration,* 486 F.3d 359, 365 (8th Cir. 2007) ("Especially in the context of a progressive disease or degenerative condition, evidence that is offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, may be considered in a subsequent proceeding in combination with new evidence for the purpose of determining if the claimant has become disabled since the ALJ's previous decision." (citation omitted)); *see also Robbins v. Secretary of Health and Human Services,* 895 F.2d 1223, 1224 (8th Cir.

1990) (citing *Wilson v. Califano,* 580 F.2d 208, 211 (6th Cir. 1978)); *Groves v. Apfel,* 148 F.3d 809, 810–11 (7th Cir. 1998) (although final judgment denying application for social security disability benefits was res judicata, this did not render evidence submitted in support of that application inadmissible, on second application alleging later onset date, to establish, in combination with later evidence, that claimant had become disabled after period covered by first proceeding) (citing *Robbins,* 895 F.2d at 1224; *Robertson v. Sullivan,* 979 F.2d 623, 625 (8th Cir.1992)); *Rucker v. Chater,* 92 F.3d 492, 495 (7th Cir. 1996) ("The first ALJ's finding was a binding determination with respect to [a plaintiff's] eligibility for disability benefits for that time period. It has no effect, however, on an application for disability benefits for a subsequent time period.").  For example, it is possible that records from a previous claim are relevant to evaluate the longitudinal effectiveness of treatment, or whether a period of improvement may, in fact, demonstrate a momentary remission.

Based on the foregoing, the Court is not persuaded by Defendant's res judicata argument.

## 2.   Rejection of Medical Opinions Prior to Disability Onset

Although the ALJ is not barred from considering evidence introduced in the prior claim, prior to May 25, 2010, the ALJ is not obligated find evidence prior to the onset date to be relevant or probative.  *See Giese v. Comm'r of Soc. Sec.*, 251 F. App'x 799, 804 (3d Cir. 2007) (Finding no error where ALJ excluded evidence prior to the onset date and adequately explained why the ALJ did not afford substantial weight  to evidence prior to onset); *Ward v. Shalala*, 898 F. Supp. 261, 263 (D. Del. 1995) ("While evidence of [Plaintiff's] condition prior to the onset date and after the insured date is to be considered by the ALJ in furtherance of evaluating whether the applicant qualifies for benefits, the period between onset of disability and expiration of insured status is the focus of the inquiry").[4]  However, as the Court in *O'Donnell v. Astrue* observed, the mere fact that evidence exists prior to disability onset does not automatically mean that such evidence is not relevant, nor does it relieve an ALJ of the duty to explain why evidence predating

---

[4] The Court also notes that while an ALJ has a duty to develop the record "for at least the 12 months preceding the month" in which a claimant files an application, such is not required before onset.  20 C.F.R. § 404.1512 (d) (stating a duty to develop the record at least twelve months prior to filing the application "unless [claimaint's] disability began less than 12 months before [filing the] application").

the onset date would not be afforded substantial weight.  *See O'Donnell v. Astrue*, No. CIV.A. 10-1478, 2011 WL 3444194, at *7 at n.7 (W.D. Pa. Aug. 8, 2011).

In this instance, ALJ stated that while all of the evidence was carefully considered, "it must be noted that a significant portion of [Plaintiff's] records are for periods prior to her alleged onset date of May 25, 2010." (Tr. 26).  However, the ALJ only selected a few examples of evidence prior to the onset date that did not support a finding of disability while failing to address any of the medical opinions that were provided prior to the March 25, 2010, onset.  (Tr. 24-30). While an ALJ is free to reject a medical source's conclusions, *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2012), the ALJ must indicate why evidence was rejected, so that a reviewing court can determine whether "significant probative evidence was not credited or simply ignored." *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981); *Mistick v. Colvin*, No. 12-cv-1031, 2013 WL 5288261 (W.D. Pa. Sept. 18, 2013).  The ALJ's failure to adequately explain the rejection medical opinions rendered prior to May 25, 2010, prevents this court's meaningful review, thus warranting a remand.

## C. Credibility Determination for Lay Statements

Plaintiff contends that the ALJ failed to properly address Plaintiff's twenty-five year work history in making a credibility finding of Plaintiff.  Pl. Brief at 22-23.  Plaintiff asserts that the ALJ erred when using Plaintiff's work attempts as a basis for attacking the Plaintiff's credibility.  Pl. Brief at 22-23.  Although Plaintiff alleges that the "ALJ in the instant case uses her work attempts as a basis for attacking the Plaintiff" (Pl. Brief at 22), Plaintiff fails to direct the Court to where in the ALJ's opinion supports this contention.  With regards to work history, the ALJ observed:

> At the time of the hearing, the claimant presented stating she injured her back, while working at DuPont. She stated she discontinued work in 2001, but then tried photography (weddings) from 2003-2010. When questioned specifically, she stated she last worked in photography in October 2009. She stated when working (2003-2010), she worked out of her house, as a photographer (mostly weddings). When questioned in reference to this, the claimant stated she would be unable to perform this job now, due to the pain and walking and bending. When questioned in reference to computers, the claimant reported difficulties with focus and concentration, describing these as "poor," and she stated she could not retain information.

(Tr. 25).  For the Plaintiff's credibility findings, the ALJ stated:

> After giving due consideration to credibility, motivation, and the medical evidence, the Administrative Law Judge is persuaded that the claimant exaggerates at least some of her symptoms, including disabling pain. The Administrative Law Judge further finds the claimant's statements concerning her impairn1ents and their impact on her ability to work are not entirely credible in light of the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documentary reports, and the findings made on examination. Specifically, the physical findings and supporting clinical data do not closely corroborate or correlate with the claimant's subjective complaints.

(Tr.27).

Great weight is given to a claimant's subjective testimony only when it is supported by competent medical evidence. *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); accord *Snedeker v. Comm'r of Soc. Sec.*, 244 F. App'x 470, 474 (3d Cir. 2007). An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony. Social Security Ruling ("SSR")[5] 96-7p; *Schaudeck v. Comm'r of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999). Where an ALJ finds that there is an

---

[5] Although SSA rulings do not have the force and effect of a statute or regulation, they are binding on all components of the SSA in accordance with section 402.35(b)(1) of the SSA Regulations (20 C.F.R. § 402), and are to be relied upon as precedents in adjudicating other cases.

underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms, however, the severity of which is not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record.   SSR 96-7p.   In determining a claimant's credibility regarding the severity of symptoms, the ALJ must consider the following factors in totality: (1) the extent of daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication; (5) treatment other than medication for the symptoms; (6) measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.   SSR 96-7p; 20 C.F.R. §§ 404.1529, 416.929; *accord Canales v. Barnhart*, 308 F. Supp. 2d 523, 527 (E.D. Pa. 2004).

Given Plaintiff's failure to direct the Court to evidence demonstrating that the ALJ used Plaintiff's "work attempts as a basis for attacking the Plaintiff," coupled with the Court's above finding that the ALJ's erroneously rejected a large

Page **16** of **25**

portion of evidence without adequate explanation, the Court is prevented from meaningful review to determine whether the ALJ's credibility determination of Plaintiff properly considered, in totality, the seven factors enumerated in SSR 96-7p.  Based on the foregoing, remand is required.

### D. Residual Functional Capacity and Obesity

Plaintiff argues that in the course of assessing Plaintiff's RFC, the ALJ failed to consider the effects of Plaintiff's obesity upon her impairments.  (Pl. Brief at 15).   At step two, the ALJ found that Plaintiff's obesity was a severe impairment.  (Tr. 23).  Plaintiff asserts that "due to her back pain she barely performs any house work and is limited in her physical activities." Pl. Brief at 15.

Although obesity is recognized as "a medically determinable impairment that is often associated with disturbance of the musculoskeletal system ... [which] can be a major cause of disability . . ." and must be considered in making a residual functional capacity determination, 20 C.F.R. § 404, subpt. P, app. 1, 1.00(Q), it is

not itself a listed disability.[6]   "Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment."   SSR 02-1p.   In considering whether a claimant is obese, the adjudicator relies on the judgment of a physician who has examined the claimant and has reported his or her appearance or build, height, and weight.  SSR 02-1p.  In *Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir.2005), the Third Circuit held that an ALJ's failure to mention a claimant's obesity does not warrant remand where the claimant has not expressly relied on obesity as a basis for establishing functional limitations during the course of the administrative proceedings, and where a claimant offers only a very generalized assertion that obesity makes basic activities more difficult than they would be otherwise.  *See Rutherford v. Barnhart*, 399 F.3d at 552-53.  In contrast, in *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503-04 (3d Cir.2009), it held that remand was required where the claimant relied on obesity to establish functional limitations, and the ALJ, having found obesity to constitute a

---

[6] 64 F.R. 46122–01 (1999) (deleting Listing 9.09, "Obesity" from the "Listing of Impairments" in 20 C.F.R. subpt. P, app. 1).

"severe" impairment, failed to account for it in determining the claimant's residual functional capacity.

Ultimately, the outcome of the case depends on the demonstration of the functional limitations of the disease or impairment rather than the mere diagnosis of the disease or name of the impairment. *See Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995) *aff'd sub nom. Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996); *accord*, *Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006). The ALJ's failure to explicitly delineate where obesity may have caused or contributed to specific symptoms and functional limitations does not undermine the entire analysis, when ultimately the ALJ properly characterized the symptoms and functional limitations. *See Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995) *aff'd sub nom. Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996); *accord*, *Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006); *see also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1165 (10th Cir. 2012) (finding that where the ALJ's limitations in the residual functional capacity (RFC) were not inconsistent with the conclusions of the omitted examiner opinion, the ALJ's failure to specifically weight examiner's opinion was harmless); *Bayliss v.*

*Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (finding that a "function-by-function" analysis for medical conditions was unnecessary where the ALJ took into account those limitations for which there was record support that did not depend on the plaintiff's subjective complaints); *cf. Lambert v. Astrue*, No. Civ.A. 08–657, 2009 WL 425603, at *13 (W.D. Pa. Feb. 19, 2009) (observing that where the Commissioner incorporates any limitations resulting from both severe and non-severe impairments into his residual functional capacity assessment, the specific determinations at the second step concerning the non-severe impairments are of no dispositive significance); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) ("[T]he ALJ considered any limitations posed by the [impairment] at Step 4 . . . any error that the ALJ made in failing to include the [impairment] at Step 2 was harmless").

For reasons other than the obesity argument presented by Plaintiff, the Court finds that substantial evidence does not support the ALJ's determination of Plaintiff's limitations. The ALJ addressed the one post-onset medical opinion in the record, that of Dr. Lynette G. Ruch (Tr. 28-30), and ultimately concluded that he did not agree with the limitations that Dr. Ruch opined Plaintiff to have. (Tr.

30).   Instead, the ALJ found that "based on the evidence of record [Plaintiff's] impairments [were] non-severe" and do not support the limitations articulated by Dr. Ruch.  (Tr. 30).

The ALJ may properly accept some parts of the medical evidence and reject other parts, but must consider all the evidence and give some reason for discounting the rejected evidence.  *See Adorno v. Shalala*, 40 F.3d 43, 48; *see also Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001); *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 435 (3d Cir. 1999) ("[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence....") (citation omitted); *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (reiterating standard forbidding the "cherry-picking" of the medical record).  An ALJ cannot rely only on the evidence that supports his or her conclusion, but also must explicitly weigh all relevant, probative, and available evidence; and provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.  *See Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981).

A residual functional capacity assessment must be based on a consideration

of all the evidence in the record, including the testimony of the claimant regarding his or her activities of daily living, medical records, lay evidence, and evidence of pain. *See Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121-22 (3d Cir. 2000). Rarely can a decision be made regarding a claimant's residual functional capacity without an assessment from a physician regarding the functional abilities of the claimant. *See Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986) ("No physician suggested that the activity [the claimant] could perform was consistent with the definition of light work set forth in the regulations, and therefore the ALJ's conclusion that he could is not supported by substantial evidence."); 20 C.F.R. § 404.1545(a). "Federal courts have repeatedly held that an ALJ cannot speculate as to a Plaintiff's RFC; medical evidence speaking to a claimant's functional capabilities that supports the ALJ's conclusion must be invoked." *Biller v. Acting Comm'r of Soc. Sec.*, 962 F.Supp.2d 761, 779 (W.D. Pa. 2013) (citations omitted); *see also Gormont v. Astrue*, 2013 WL 791455, at *8 (M.D. Pa. 2013).

In this instance, the ALJ made a residual functional capacity determination of "sedentary work" without citing to any assessment from a physician to support a

finding regarding the functional abilities of the claimant.  *See Doak v. Heckler*, 790 F.2d 26, 29 (3d Cir. 1986).  The ALJ addresses only one medical opinion, that of Dr. Ruch, and then dismisses the opinion with regard to Plaintiff's limitations.  (Tr. 30).  Without any medical opinion being credited with regards to Plaintiff's limitations, the Court finds that the ALJ impermissibly relied on speculation or lay interpretation of medical evidence to reach the conclusion that Plaintiff was capable of doing sedentary work.  *See Morales v. Apfel*, 225 F.3d 310, 317-18 (3d Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985) (The ALJ may not substitute his own judgment for that of a physician).

Based on the foregoing, the ALJ's RFC determination is not supported by substantial evidence.

///

///

///

///

///

## IV.     Recommendation

Accordingly, it is HEREBY RECOMMENDED:

1.     The decision of the Commissioner of Social Security denying Plaintiff's social security disability insurance be vacated and the case remanded to the Commissioner of Social Security to develop the record fully, conduct a new administrative hearing and appropriately evaluate the evidence in accordance with the Court's above report; and

2.     The Clerk of Court close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a Magistrate Judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.

A Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.  The Judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

Dated: February 20, 2015

s/Gerald B. Cohn

GERALD B. COHN
UNITED STATES MAGISTRATE JUDGE